

# THE ATTORNEY GENERAL
# OF TEXAS

**GROVER SELLERS**

~~XYYXXXXXXXXXXXXXX~~RD

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Sir:

Opinion No. O-5963
Re: Whether a foreign corporation,
without a permit to do business
in Texas, can execute an oil and
gas lease as agent of the State,
under the Relinquishment Act,
upon unpatented mineral reserved
school land; and related questions.

In your recent letter you gave us certain facts, which may be summarized as follows:

Section 8, Block 140, T. & S. T. L. Ry. Co. Survey, Pecos County, which is mineral reserve school land, was sold to Clinton D. Berry in 1914. During 1924, Mr. Berry sold this land to the Ortex Company, an Oregon corporation which does not have a permit to do business in Texas. All interest has been paid to the State by the Ortex Company, but no principal has ever been paid. On February 8, 1944, the Ortex Company, for itself as agent of the State of Texas, executed an oil and gas lease to Humble Oil & Refining Company, a Texas corporation, covering the N. W. 1/4 of this property. Humble Oil & Refining Company has tendered you a copy of the lease, together with its check for $800.00, which is half of the bonus, and have requested that you accept this check and file the lease.

You request our opinion on the following questions:

"1. Can and does this Corporation own this land?

"2. Can this Corporation execute a valid lease on this land and should we approve and file the lease, a copy of which is enclosed?"

The right of a corporation to purchase school lands has been the subject of many Acts of our Legislature. We refer you to the following:

The Act of April 1, 1887, provides:

". . . and in no event shall sale be made to a
corporation either foreign or domestic; and all sales
to a settler shall be upon the express condition that
any sale, transfer, or conveyance of such land to a
corporation, either immediate or remote, shall ipso
facto terminate the title of the purchaser, and such
land shall be forfeited to the State without re-entry,
and become again a part of the particular fund to which
it formerly belonged."

The Act of April 8, 1889, contains essentially the same provisions
with reference to forfeiture of land sold by a purchaser to a corporation be-
fore a patent is issued.

Article 4287 of the Revised Statutes of 1895 makes the same provi-
sion for forfeiture before patent as the Act of April 8, 1889.

The Act of May 23, 1899, providing for the sale of isolated and
detached lands in certain counties, expressly excepts corporations as a
possible purchaser.

The Act of May 16, 1907, provides that no corporation shall pur-
chase any land under the provisions of such Act.

The last sentence of Article 5452, R. C. S., 1911, provides that no
corporation shall purchase any land under the provisions of the Chapter on
sales of public free school and asylum lands.

The Act of April 3, 1919, expressly provided that no corporation
shall purchase any land under such Act.

Article 5306, R. C. S. of Texas, 1925, provides that no sale of
any land set apart for the benefit of the public free schools, etc., shall
be sold to corporations.

Many former Attorneys General have written opinions upon various
opinions upon various phases of your questions.

On September 3, 1909, Jewel P. Lightfoot, then Attorney General,
in a letter opinion to J. T. Robison , Commissioner of the General Land
Office, advised him that a transfer executed by Daniel J. Rogers, conveying
to Pecos Sandstone Company certain lands in Ward County had the legal
effect, upon delivery thereof, of forfeiting the sale by the State to Daniel
J. Rogers and of terminating ipso facto, without judicial ascertainment and
without any action whatever upon his part, the title of Rogers to said land,
thereby re-investing the State with full title to said land to be held in
trust for the public school fund.

On January 19, 1910, Jewel P. Lightfoot, then Attorney General, in
a letter opinion to Hon. J. T. Robison , Commissioner of the General Land

Office, advised him that he could not file a transfer of nine sections of school land in Webb and La Salle counties to Texas Land and Livestock Company; and on July 18, 1910, he advised Mr. Robison that he could not transfer certain school lands not yet patented to Barstow Irrigation Company.

On May 23, 1911, Jewel P. Lightfoot, then Attorney General, in a letter opinion to Hon. J. H. Walker, Acting Commissioner of the General Land Office, advised him not to accept a corporation as a substitute purchaser of any school land whatsoever.

On January 18, 1912, Jas. D. Walthall, then Attorney General, in a letter opinion to Hon. J. T. Robison, Commissioner of the General Land Office, advised him not to accept a deed from a purchaser to a corporation, or issue patent to such corporation.

On February 26, 1913, B. F. Looney, then Attorney General, in a letter opinion to Hon. J. T. Robison, Commissioner of the General Land Office, advised him that land conveyed by a purchaser to a corporation was subject to forfeiture by the plain language of Article 4287, R.C.S., 1925.

On July 19, 1920, C. M. Cureton, then Attorney General, in a letter opinion to Hon. J. T. Robison, Commissioner of the General Land Office, advised him that a foreign corporation has not the right to be substituted on the books and records of the General Land Office, and thereby to be recognized by the State, as a purchaser from the State of land classified as mineral grazing land, and also advised him that the tendered conveyance from the purchaser to the foreign corporation should not be filed or recognized by him as a conveyance.

Article 1533, R.C.S. of Texas, 1925, provides that foreign corporations are authorized to hold, purchase, sell, mortgage or otherwise convey such real estate and personal estate as the purposes of such corporation may require and to take, hold and convey such other property, real, personal, or mixed, as may be requisite for such corporation to acquire in order to obtain or secure the payment of any indebtedness or liability due, or which may become due, or belonging to, the corporation.

Article 1554, R.C.S. of Texas, 1925, provides that foreign corporations shall alienate all real property so acquired not necessary for its purposes within 15 years from the time of acquisition. According to your letter, the Ortex Company has never had a permit to do business in Texas and it acquired this land in 1924, so it cannot be said that it holds the same for the purposes of such corporation, and the 15 year period for alienation has expired.

Articles 5367-6382, R.C.S. of 1925, make the owner of the soil the agent of the State for the purpose of executing oil and gas leases.

In Lufkin Land & Lumber Company v. Terrell, 100 S.W. 134, the Supreme Court said that it was never intended that any land subject to classification as agricultural or grazing land should be sold to a corporation, either directly or indirectly.

We answer your first question as follows:

That this corporation is not the "owner of the soil" as contemplated by Article 5367. We express no opinion as to the authority of this corporation to execute a deed conveying and indefeasible title to another of the surface rights, but we are of the opinion that this corporation cann not be recognized by you as the owner of this property, for to do so would allow it to become, in effect, a purchaser from the State, which is condemned by all sales statutes since 1887, and such recognition by you may be construed as an attempted waiver upon your part of the State's right to complain of the failure of this corporation to alienate this property within the period of 15 years from the time of acquisition referred to in Article 1534, supra.

We answer your second question as follows:

That this corporation cannot execute a valid lease on this land, as agent of the State of Texas, and that you should not approve and file the lease tendered you, nor accept the bonus money.

Trusting that the above fully answers your questions, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
/s/ Thos. B. Duggan, Jr.
Thos. B. Duggan, Jr.
Assistant

APPROVED OCT 4, 1944
/s/ GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

TBD:BT:egw

APPROVED
Opinion Committee
By BWB Chairman